# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GARY D. HAMMOND,**            CASE NO. 2:09-cv-00380
                                             **JUDGE WATSON**
        **Petitioner,**                 **MAGISTRATE JUDGE KEMP**

v.

**WARDEN, SOUTHEASTERN OHIO**
    **REGIONAL JAIL,**

       **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** and that petitioner's request for compensation, Doc. No. 2, be **DENIED**.

## FACTS and PROCEDURAL HISTORY

According to the petition, petitioner was convicted in the County Court of Perry County, Ohio, pursuant to his no contest plea on charges of disorderly conduct and disorderly conduct persisting. On October 30, 2008, petitioner was sentenced to thirty days jail, with credit for time served. His sentence was suspended on the condition that he comply with the terms of probation for one year. *See Petition; Exhibits to Petition*. Petitioner did not file an appeal or pursue any state court action regarding his convictions.

On May 13, 2009, petitioner filed the instant *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. §2254. He indicates that he did not file an appeal because the time period to file an appeal had already elapsed when he "discovered [the] idea." *Petition*, at 2. Petitioner's claims are not clear from the petition; however, in his "Petition to Get Compensation in Habeas Corpus Matter," Doc. No. 2, he asserts:

> 1. The State/Gov. Acted in bad faith to preserve the evidence.
>
> 2. That the exculpatory value of the evidence was apparent before it['s] destruction.
>
> 3. That the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonable means.

Petitioner has failed to present any of his claims to the state courts. His off-the-record claims would properly be raised in a state post conviction action under O.R.C. §2953.21. Although the time period has expired to file such action, petitioner may pursue a delayed post conviction petition under O.R.C. §2953.23, which provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
> (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new

2

federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

The time period to pursue a motion to withdraw guilty plea now has also expired, and will only be extended "to correct a manifest injustice." See Ohio Criminal Rule 32.1.[1]

> "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." ... Although no precise definition of "manifest injustice" exists, in general, " 'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " ... Under this standard, a postsentence withdrawal motion is allowable only in extraordinary cases. *Smith,* 49 Ohio St.2d at 264, 3 O.O.3d 402, 361 N.E.2d 1324.
>
> ***

---

[1] Ohio Criminal Rule 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

3

> [A] criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal.

*State v. Brown,* 167 Ohio App.3d 239, 242 (Ohio App. 10th Dist. 2006)(citations omitted). To the extent that petitioner may be raising an issue appropriately considered on direct appeal, however, he may still pursue a delayed appeal pursuant to Ohio Appellate Rule 5(A):

> After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;
>
> (b) Delinquency proceedings; and
>
> (c) Serious youthful offender proceedings.
>
> (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

Therefore, the instant action remains unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §

2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987). Further, the record does not reflect that a stay of proceedings is appropriate. *Rhines v. Weber*, 544 U.S. 269, 277 (2005):

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* The record fails to reflect either that petitioner had good cause for his failure to exhaust state court remedies, or that his unexhausted claims are potentially meritorious. *See id.*, at 277-78.

Finally, to the extent that petitioner seeks monetary damages, such request is not appropriately considered in habeas corpus proceedings.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** and that Petitioner's request for compensation, Doc. No. 2, be

**DENIED**.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge